IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SIMON PROPERTY GROUP, INC., )
SIMON PROPERTY GROUP, L.P., )
NORTHGATE MALL PARTNERSHIP, and )
SHOPPING CENTER ASSOCIATES, )
                            )
         Plaintiffs, )
    v.                      ) Civil Action No. 08-1634
                            )
MARK M. PALOMBARO, ABBY, INC., )
ROBERT E. CRAWFORD, R.E. CRAWFORD )
CONSTRUCTION, INC., MATTHEW W. )
PADGETT, JOEL D. SENCHUR, DREAM )
BUILDERS AND DESIGNERS, LLC, )
JEFFREY T. SMITH, R.E. CRAWFORD )
CONSTRUCTION, LLC, PARAGON )
BUILDERS, LLC, J.A.C. CONSTRUCTION )
CONSULTING, LLC, and JEFFREY A. )
USELTON, )
                            )
         Defendants. )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                March 30, 2009

This is an action alleging a scheme to defraud shopping center developers and owners related to several redevelopment projects. Plaintiffs bring this action pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c) and (d). Plaintiffs also assert related state law claims of fraud, fraud in the inducement, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and breach of contract.

Defendants Robert E. Crawford, R.E. Crawford Construction, Inc., Matthew W. Padgett, Joel D. Senchur, Dream Builders and Designers, LLC, Jeffrey T. Smith, R.E. Crawford Construction, LLC, Paragon Builders, LLC, J.A.C. Construction

Consulting, LLC, and Jeffrey A. Uselton (the "Construction Defendants") have filed a motion for stay of civil proceedings for 120 days because of a pending criminal investigation involving several of the defendants [doc. no. 26].[1]

For the reasons set forth below, the Construction Defendants' motion for stay of civil proceedings will be denied.

I. FACTUAL BACKGROUND

On November 26, 2008, plaintiffs filed this suit alleging that defendant Mark Palombaro, formerly a Senior Vice President of Development with plaintiffs, colluded with defendant Robert E. Crawford to steer construction projects to defendant Crawford's company, R.E. Crawford Construction, Inc. (REC), for the purpose of defrauding plaintiffs out of millions of dollars. The alleged scheme took place between 2006 and 2008 and primarily involved redevelopment projects at the Northgate Mall in Seattle, Washington and the Laguna Hills Mall in Laguna Hills, California. Plaintiffs allege that defendants, inter alia, inflated estimates provided to plaintiffs for the redevelopment work on the Northgate Mill and Laguna Hills Mall, paid kickbacks in return for the redevelopment work, and overcharged plaintiffs millions of dollars on the projects.

---

[1]

In a separate response, the remaining defendants, Mark M. Palombaro and Abby, Inc. joined in the Construction Defendants motion for stay of civil proceedings [doc. no. 39].

2

Plaintiffs also allege that defendants Palombaro and Crawford tried to include development projects at the South Hills Village in Pittsburgh, Pennsylvania and the Miami International Mall in Miami, Florida in the scheme, but did not go forward with those projects.

II. <u>STANDARD OF REVIEW</u>

A district court has broad discretion to stay proceedings as an incident to its power to control its own docket. <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936). Staying a case is an extraordinary measure and criminal defendants have no generalized due process right to stay proceedings in a related civil action. <u>United States v. Breyer</u>, 41 F.3d 884, 893 (3d Cir. 1994); <u>De Vita v. Sills</u>, 422 F.2d 1172, 1181 (3d Cir. 1970). A party seeking a stay bears the burden of establishing that a stay is needed. <u>Landis</u>, 299 U.S. at 255.

In deciding how to exercise its discretion, a court must initially assess to what extent the issues in the criminal and civil cases overlap, and consider the status of the criminal case, including whether the defendants have been indicted. See <u>In re Derivative Litig.</u>, No. 06-2964, 2007 WL 1101276, at *1 (E.D. Pa. Apr. 11, 2007). Then, the court is to weigh the following factors: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the

3

potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc., 87 F.R.D. 53, 56 (E.D. Pa. 1980).

III. DISCUSSION

In their motion for stay of civil proceedings, the Construction Defendants assert that defendants Crawford, Palombaro, and REC are the subjects of a "definitely active" criminal investigation by the Office of the United States Attorney for the Western District of Pennsylvania. This investigation purportedly relates to defendants Crawford, Palombaro, and REC's involvement with the Northgate Mall, the Laguna Hills Mall, the South Hills Village, and the Miami International Mall projects. For this reason, the Construction Defendants argue that the instant civil matter should necessarily be stayed. [Doc. No. 27 at 1-2].

The Construction Defendants further state that, in relation to the criminal investigation, government agents have executed search warrants at the principal place of business of defendant REC and the home of defendant Palombaro. Pursuant to the

search warrants, the government has seized all electronic data and documents relating to the Northgate Mall and Laguna Hills Mall redevelopment projects at issue in the civil matter. Federal agents also served defendants Matthew D. Padgett and Joel D. Sencher with grand jury subpoenas for testimony to be given on February 4, 2009 and served defendant Palombaro with a grand jury subpoena for documents.

Accordingly, the Construction Defendants argue that this civil matter should be stayed because: (1) the issues in the civil matter and the criminal investigation are identical; (2) individual defendants Crawford and Palombaro are targets of the criminal investigation while other defendants have received grand jury subpoenas; (3) defendants Crawford and Palombaro's constitutional rights would be jeopardized by proceeding with the civil matter while there is an ongoing criminal investigation into identical conduct; and (4) the defendants no longer have the documents needed to respond to plaintiffs' amended complaint and to meaningfully participate in discovery. We disagree.

First, the status of the criminal case weighs against granting the Construction Defendants' request for a stay. The affidavits attached to the Construction Defendants' motion only indicate that there is an ongoing criminal investigation. No charges have been filed against defendants Crawford, Palombaro, or REC, or any of the other defendants. We have no information

5

regarding when, if ever, any charges will be filed. Moreover, there is no indication that there is an investigation into any defendants other than defendants Crawford, Palombaro, and REC.

Second, the Golden Quality factors also weigh in favor of denying the Construction Defendants' request for a stay. Plaintiffs here allege that they have been defrauded out of more than $4 million dollars by defendants. It is in plaintiffs' best interest to resolve this civil matter without delay in order to ensure that defendants' assets are available to satisfy a possible judgment at the conclusion of this litigation.

The defendants' burden of moving forward with this civil litigation without delay, however, is minimal. The alleged threat to defendants Crawford and Palombaro's Fifth Amendment rights is merely speculative. The identified difficulties with filing an answer and with discovery caused by the governmental seizure of documents and electronic data are also speculative and can be addressed at a later time if problems arise during discovery. Additionally, both this court and the public have an interest in moving forward with the civil matter rather than allowing a stay, even if only for 120 days. Courts have an interest in judicial efficiency and "[t]he public has an interest in prompt resolution of civil disputes, and in not allowing those being investigated for criminal wrongdoing to avoid their civil obligations." Int'l

Fidelity Ins. Co. v. Podlucky, No. 07-0235, 2007 WL 2752139, at *3 (W.D. Pa. Sept. 19, 2007).

Accordingly, we will decline to exercise our discretion to stay the pending civil matter.

IV. CONCLUSION

For the foregoing reasons, we hold that defendants Crawford, Palombaro, and REC's potential criminal liability, and the pending criminal investigation, is not a sufficient basis for the extraordinary remedy of a stay of the pending civil matter. As such, we will deny the Construction Defendants' motion for stay of civil proceedings.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SIMON PROPERTY GROUP, INC., )
SIMON PROPERTY GROUP, L.P., )
NORTHGATE MALL PARTNERSHIP, and )
SHOPPING CENTER ASSOCIATES, )
)
      Plaintiffs, )
v. ) Civil Action No. 08-1634
)
MARK M. PALOMBARO, ABBY, INC., )
ROBERT E. CRAWFORD, R.E. CRAWFORD )
CONSTRUCTION, INC., MATTHEW W. )
PADGETT, JOEL D. SENCHUR, DREAM )
BUILDERS AND DESIGNERS, LLC, )
JEFFREY T. SMITH, R.E. CRAWFORD )
CONSTRUCTION, LLC, PARAGON )
BUILDERS, LLC, J.A.C. CONSTRUCTION )
CONSULTING, LLC, and JEFFREY A. )
USELTON, )
)
      Defendants. )

## ORDER

AND NOW, this 30th day of March, 2009, upon consideration of defendants Robert E. Crawford, R.E. Crawford Construction, Inc., Matthew W. Padgett, Joel D. Senchur, Dream Builders and Designers, LLC, Jeffrey T. Smith, R.E. Crawford Construction, LLC, Paragon Builders, LLC, J.A.C. Construction Consulting, LLC, and Jeffrey A. Uselton's motion for stay of civil proceedings [doc. no. 26], IT IS HEREBY ORDERED that the motion is DENIED.

BY THE COURT:

_____, J.

cc: All Counsel of Record