IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIMON PROPERTY GROUP, INC.,<br>SIMON PROPERTY GROUP, L.P.,<br>NORTHGATE MALL PARTNERSHIP, and<br>SHOPPING CENTER ASSOCIATES,<br><br>        Plaintiffs,<br>   v.<br><br>MARK M. PALOMBARO, ABBY, INC.,<br>ROBERT E. CRAWFORD, R.E. CRAWFORD<br>CONSTRUCTION, INC., MATTHEW W.<br>PADGETT, JOEL D. SENCHUR, DREAM<br>BUILDERS AND DESIGNERS, LLC,<br>JEFFREY T. SMITH, R.E. CRAWFORD<br>CONSTRUCTION, LLC, PARAGON<br>BUILDERS, LLC, J.A.C. CONSTRUCTION<br>CONSULTING, LLC, and JEFFREY A.<br>USELTON,<br><br>        Defendants. | Civil Action No. 08-1634 |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                                June _1_, 2009

This is an action alleging a scheme to defraud shopping center developers and owners related to several redevelopment projects. Plaintiffs bring this action pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(c) and (d). Plaintiffs also assert related state law claims of fraud, fraud in the inducement, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and breach of contract.

Defendants Robert E. Crawford, R.E. Crawford Construction, Inc. (REC), Matthew W. Padgett, Joel D. Senchur, Dream Builders and Designers, LLC, Jeffrey T. Smith, R.E. Crawford Construction, LLC, Paragon Builders, LLC, J.A.C. Construction

Consulting, LLC, and Jeffrey A. Uselton have filed a motion to dismiss plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 32]. The remaining defendants, Mark M. Palombaro and Abby, Inc., have filed a separate motion to dismiss plaintiffs' amended complaint under Rule 12(b)(6). [Doc. No. 34]. They also assert that this court lacks personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). [Doc. No. 34]. We will consider both motions to dismiss at this time.[1]

For the reasons set forth below, defendants' motions to dismiss are denied, without prejudice.

I. FACTUAL BACKGROUND

Plaintiffs, Simon Property Group, Inc., Simon Property Group, L.P., Northgate Mall Partnership, and Shopping Center Associates (collectively, Simon), are affiliated entities that develop, own, and manage shopping centers. Simon also periodically enhances its shopping centers via redevelopment projects.

Simon has alleged that defendant Palombaro, formerly a Senior Vice President of Development with Simon, schemed with defendant Crawford to hire defendant REC as the general contractor

---

[1] The legal issues addressed in both motions are virtually identical, with defendants Palombaro and Abby, Inc. making one additional argument regarding personal jurisdiction. Accordingly, the motions will be addressed collectively, with the exception of defendants Palombaro and Abby, Inc.'s argument regarding personal jurisdiction.

2

for two of Simon's redevelopment projects in return for kickback payments. Defendant Crawford is a Pennsylvania resident and the president and Chief Executive Officer of defendant REC, a Pennsylvania corporation. Simon alleges that, in return for ensuring that REC received the Simon redevelopment work, REC mailed a check to defendant Palombaro's company, Abby Inc., for hundreds of thousands of dollars.

The defendants then, *inter alia*, inflated project estimates, failed to submit documentation showing the actual cost of work, skimmed millions of dollars from Simon via the repeated use of mail and wires, submitted applications for false charges, and made payments to subcontractors who did not work on the projects.

Simon asserts that: (1) individual defendants Palombaro, Crawford, Padgett, Senchur, Smith, and Uselton are liable for underlying violations of RICO, for conspiracy to violate RICO, and for fraud in the inducement (Counts I, II, III); (2) all defendants are liable for fraud (Count IV); (3) defendant Palombaro is liable for breach of fiduciary duty (Count V) and all other defendants are liable for aiding and abetting breach of fiduciary duty (Count VI); and (4) defendant REC is liable for breach of contract (Counts VII, VIII).

II. STANDARD OF REVIEW

A. Personal Jurisdiction

A district court has personal jurisdiction over non-resident defendants to the extent authorized under the law of the forum state in which the district court sits. Fed. R. Civ. P. 4(e). The Pennsylvania long-arm statute permits state courts to exercise personal jurisdiction "to the fullest extent allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. § 5322(b). The Due Process Clause of the Fourteenth Amendment limits a state's power to assert personal jurisdiction over a nonresident defendant. Pennoyer v. Neff, 95 U.S. 714, 733 (1877).

In ruling on a motion to dismiss for lack of personal jurisdiction, a district court must determine whether the exercise of personal jurisdiction would violate due process under the Fourteenth Amendment to the United States Constitution. Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945). The Supreme Court has determined that due process is satisfied if the non-resident defendant has sufficient contacts with the forum state so "that the maintenance of a suit does not offend 'traditional notions of fair play and substantial justice.'" Id. at 316.

The Due Process limit to the exercise of specific jurisdiction is defined by a three-part test. See O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 317 (3d Cir. 2007). First, we must find that the defendant "purposefully directed [its]

activities at the forum." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (quotation marks omitted). Second, the litigation must "arise out of or relate to" at least one of those activities. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984). And third, if "minimum contacts" are shown, jurisdiction may be exercised where the court determines, in its discretion, that to do so would comport with "traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316; Mellon Bank (East) PSFS, N.A. v. Farino, 960 F.2d 1217, 1222 (3d Cir. 1992).

Whether personal jurisdiction may be exercised over an out-of-state defendant is a question of law. Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc., 983 F.2d 551, 554 (3d Cir. 1993). When personal jurisdiction is challenged, plaintiff bears the burden of proving that it is proper through "sworn affidavits or other competent evidence." North Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687, 689 (3d Cir. 1990) (quotation omitted).

B.  Failure to State a Claim

In considering a Rule 12(b)(6) motion, we must be mindful that Federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order

5

to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. The amount of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged. Phillips v. County of Allegheny, et al., 515 F.3d 224, 232 (3d Cir. 2008).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiffs. Twombly, 127 S.Ct. at 1965; Phillips, 515 F.3d at 231; Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiffs can prove the facts alleged or will ultimately prevail on the merits. Twombly, 127 S.Ct. at 1965, 1969 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery

will reveal evidence of the necessary elements. Id. at 1965. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiffs could, upon a trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted. Id. at 1969 n.8.

A complaint alleging fraud, however, is also subject to the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Accordingly, the standards promulgated by Rule 9(b) apply to plaintiffs claims for violations of RICO (Count I), fraud in the inducement (Count III), and fraud (Count IV).[2]

Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004). This heightened pleading standard is designed to "place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral or fraudulent behavior." Lum, 361 F.3d at 223-24 (quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)). While allegations of "date, time, or place" are sufficient to fulfill the heightened requirements of Rule 9(b), we note that these specifics are not

---

[2] Plaintiffs' claims for conspiracy to violate RICO (Count II) are governed by Rule 8(a). Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989). Rule 8(a)(2) directs that "a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."

required so long as plaintiff "inject[ed] precision and some measure of substantiation into their allegations of fraud." Seville, 742 F.2d at 791.

It is on these standards that the court has reviewed defendants' motions to dismiss. Based on the pleadings of record and the briefs filed in support and opposition thereto, the court is not persuaded that dismissal is appropriate at this time.

### III. DISCUSSION

#### A. Personal Jurisdiction

Defendants Palombaro and Abby, Inc. (the "Jurisdictional Defendants") have moved to dismiss the claims against them on the ground that this court lacks personal jurisdiction. They state that they "did not conduct any activities in Pennsylvania giving rise to the claims" and that Indiana is the more appropriate venue. [Doc. No. 35 at 10, 14-15]. Plaintiffs respond that this court has personal jurisdiction over the Jurisdictional Defendants because: (1) the Jurisdictional Defendants had sufficient minimum contacts with Pennsylvania to establish specific jurisdiction; and (2) the civil RICO statute provides for nationwide personal jurisdiction.

In order to determine whether this court has specific jurisdiction over the Jurisdictional Defendants, we must look to the Jurisdictional Defendants' forum-related contacts and determine whether they were sufficient to establish minimum contacts. Burger

King, 471 U.S. at 474. We must also determine whether the exercise of jurisdiction would comport with the "traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316.

Plaintiffs allege that defendant Palombaro[3] made multiple telephone calls to REC representatives in Pennsylvania and sent numerous e-mails to REC offices in Pennsylvania in order to set up and carry forth the alleged RICO scheme and related state law violations. These contacts occurred over the course of more than two years. Plaintiffs also assert that defendant Palombaro mailed letters and checks to REC's Pennsylvania office related to the redevelopment projects at issue.

Plaintiffs have submitted the affidavit of Leah A. Cline, an administrative assistant in Simon's Big Box Development department, and the following documentary evidence in support of their allegations: (1) two letters enclosing checks sent by defendant Palombaro to defendant Crawford in Pennsylvania; (2) nine shipping receipts for packages sent by defendant Palombaro to defendants Padgett, Crawford, and/or Senchur in Pennsylvania; (3) multiple e-mails from defendant Palombaro to various representatives of REC, located in Pennsylvania; and (4) summaries

---

[3] Defendant Palombaro's actions are attributable to Abby, Inc. because, as alleged, defendant Palombaro's actions were "(1) in the course of his employment [with Abby, Inc.], and (2) for the benefit of [Abby, Inc.]" In re Phar-Mor, Inc. Sec. Lit., 892 F.Supp. 676, 683 (W.D. Pa. 1995) (quoting Rochez Bros. Inc. v. Rhoades, 527 F.2d 880, 884 (3d Cir. 1975)). Defendant Palombaro is the owner and president of defendant Abby, Inc.

of numerous telephone calls and voice messages between defendant Palombaro and various representatives of REC, located in Pennsylvania. [Doc. No. 43 at Exhibit A]. This documentary evidence directly contradicts defendant Palombaro's affidavit in which he states "I do not recall mailing or sending by facsimile any documents to Pennsylvania relating to the ... projects." [Doc. No. 43 at Exhibit A, ¶ 6].

Plaintiffs also submitted a check request made by REC in Pennsylvania for a kickback payment to be sent to Abby, Inc. and an Abby, Inc. financial statement evidencing receipt of a kickback payment. [Doc. No. 43 at Exhibits B, C]. We note that Abby, Inc., defendant Palombaro's company, allegedly operates a restaurant in Carmel, Indiana and is not involved in the redevelopment industry.

All of these contacts indicate that the Jurisdictional Defendants had sufficient minimum contacts with Pennsylvania and undertook purposeful actions directed to Pennsylvania in connection with the alleged RICO scheme. As alleged, these contacts with Pennsylvania were at the heart of the causes of action alleged in this matter. Additionally, we note that mail, telephone, and e-mail communications, even without a physical presence, can be sufficient to establish the necessary minimum contacts to support jurisdiction. Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 482-83 (3d Cir. 1993). We have found that to be the case here.

Moreover, as a matter of jurisdiction, it is reasonable for the Jurisdictional Defendants to have anticipated being brought into court in Pennsylvania to resolve a dispute over their involvement with the redevelopment projects. Accordingly, we hold that requiring the Jurisdictional Defendants to litigate in this jurisdiction comports with traditional notions of fair play and substantial justice.

Because we find that the court has specific jurisdiction over the Jurisdictional Defendants we will not discuss nationwide jurisdiction under RICO.

B.  Failure to State a Claim

All defendants argue that plaintiffs' amended complaint must be dismissed for failure to state a claim. Plaintiffs disagree, arguing that they sufficiently pled the claims included in their amended complaint. Plaintiffs, however, concede that they have no objection to the court striking the allegations that Simon is a RICO enterprise.

We agree with defendants that the Court of Appeals for the Third Circuit has clearly stated that a RICO enterprise cannot also be a RICO victim. Jaguar Cars v. Royal Oaks Motor Car Co., 46 F.3d 258, 267 (3d Cir. 1995). We will, therefore, strike plaintiffs' allegations that Simon is a RICO enterprise from the amended complaint and RICO case statement. [Doc. Nos. 20, 21].

Even without the allegation that Simon is an enterprise, we hold that plaintiffs' allegations, if true, may state valid claims under RICO and state law. Our ruling, however, does not prevent defendants from raising these arguments after discovery is complete, in a motion for summary judgment on a more fully developed record.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SIMON PROPERTY GROUP, INC.,　　　　　)
SIMON PROPERTY GROUP, L.P.,　　　　　)
NORTHGATE MALL PARTNERSHIP, and　　　)
SHOPPING CENTER ASSOCIATES,　　　　　 )
　　　　　　　　　　　　　　　　　　　 )
　　　　　Plaintiffs,　　　　　　　　 )
　　v.　　　　　　　　　　　　　　　　)　Civil Action No. 08-1634
　　　　　　　　　　　　　　　　　　　 )
MARK M. PALOMBARO, ABBY, INC.,　　　 )
ROBERT E. CRAWFORD, R.E. CRAWFORD　 )
CONSTRUCTION, INC., MATTHEW W.　　　 )
PADGETT, JOEL D. SENCHUR, DREAM　　　)
BUILDERS AND DESIGNERS, LLC,　　　　 )
JEFFREY T. SMITH, R.E. CRAWFORD　　　)
CONSTRUCTION, LLC, PARAGON　　　　　 )
BUILDERS, LLC, J.A.C. CONSTRUCTION　 )
CONSULTING, LLC, and JEFFREY A.　　　)
USELTON,　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　 )
　　　　　Defendants.　　　　　　　　 )

## ORDER

AND NOW, this 1st day of June, 2009, IT IS HEREBY ORDERED that defendants' motions to dismiss [docs. no. 32, 34] are DENIED. It is FURTHER ORDERED that the court will strike all allegations that Simon Property Group, Inc., Simon Property Group L.P., Northgate Mall Partnership, and Shopping Center Associates are a RICO enterprise from plaintiffs' amended complaint [doc. no. 20] and RICO case statement [doc. no. 21].

BY THE COURT:

_____, J.

cc: All Counsel of Record