**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

SIMON PROPERTY GROUP, INC., SIMON PROPERTY GROUP, L.P., NORTHGATE MALL PARTNERSHIP, and SHOPPING CENTER ASSOCIATES,

Plaintiffs,

v.

MARK M PALOMBARO and ABBY, INC.,

Defendants.

Civil Action No. 2:08-CV-01634

Hon. Gary L. Lancaster

**ORDER OF COURT**

AND NOW, this 23rd day of April, 2010, upon consideration of the Parties' Motion for Protective Order, IT IS HEREBY ORDERED that said Motion for Protective Order is GRANTED as follows:

1. Plaintiffs and Defendants ("Parties") are engaged in discovery proceedings in the above-captioned civil action (the "Action");

2. These discovery proceedings will include, among other things the production of documents and materials that one or more of the Parties, in good faith, may regard as sensitive, nonpublic, confidential, proprietary, commercial, financial, business, or personal information;

3. Disclosure of this information to competitors and/or the general public could be prejudicial to the Parties, and the information should be entitled to protection against unrestricted use and dissemination;

4. The Parties do not generally intend to disclose privileged information and have taken reasonable steps to avoid inadvertent disclosure;

NOW, THEREFORE, this Court enters this Protective Order pursuant to its authority under Federal Rule of Civil Procedure 26 and consistent with Federal Rule of Evidence 502(d) such that any privilege or protection is not waived by disclosure connected with this litigation and is also not waived in any other federal, state, or arbitration proceeding so long as the conditions in Fed.R.Evid. 502(b) are met and the following specific terms shall govern this Order:

**A. DEFINITIONS**

1. "Confidential" or "Confidential Information" shall mean documents and information, including, without limitation, in responses to written discovery and/or in deposition testimony, deposition transcripts, deposition exhibits, interrogatory answers, responses to document requests and requests to admit, and other written and graphic matter, produced or compiled pursuant to the methods of discovery authorized by the Federal Rules of Civil Procedure, that a Party or Non-Party is producing or has produced, and in which a Party has a proprietary, property or privacy interest or in good faith regards as nonpublic information which is either confidential or proprietary or commercial or financial or business or personal information, or the disclosure of which would cause substantial annoyance, embarrassment or oppression to any person. All copies, summaries or extracts of any Confidential Information shall also constitute, and be treated as, Confidential Information as provided in this Confidentiality Stipulation.

2. "Court" shall mean the United States District Court for the Western District of Pennsylvania.

3. "Discovery Material" means any and all documents and materials, information, or things produced in discovery in this Action, including required disclosures.

4. "Document(s) and materials" means all written, recorded, electronic, coded, or graphic material, whether produced or created by a Party or another person, whether produced pursuant to the Federal Rules, subpoena, agreement or otherwise. Documents and materials shall include, by way of example and not by way of limitation, all of the following: emails, papers, correspondence, trade letters, envelopes, memoranda, telegrams, cables, notes, messages, reports, studies, press releases, books, accounts, checks, audio and video recordings, pleadings, testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, newspapers, calendars, desk calendars, pocket calendars, lists, logs, publications, notices, diagrams, instructions, diaries, minutes of meetings, corporate minutes, orders, resolutions, agendas, memorials or notes of oral communications, whether by telephone or face-to-face, contracts, agreements, drafts of or proposed contracts or agreements, memoranda of understanding, letters of intent, deal memoranda, transcriptions of audio or video recordings, computer tapes, electronic data, computer diskettes or disks, or any other tangible thing on which any handwriting, typing, printing, photostatic, electronic or other form of communication or information is recorded or reproduced, together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions of drafts thereof, whether used or not.

5. "Legend" shall mean a large bold stamp or similar insignia stating "CONFIDENTIAL." When any Document or portion thereof is so designated pursuant to this Confidentiality Stipulation, the Legend shall be affixed to the cover of the original and each page designated "Confidential" and all copies thereof in a size and location that makes the designation readily apparent, but in the lower right-hand corner to the extent feasible or on the face of the disk or tangible item. When producing information in electronic format, the information may be

designated by labeling the electronic means by which the information is produced as "CONFIDENTIAL", i.e. the CD or DVD may have a "CONFIDENTIAL" label affixed to it.

6. "Non-Party" or "Non-Parties" means any person or entity not a party to the Action.

**B. SCOPE OF CONFIDENTIALITY STIPULATION**

1. This Protective Order governs the use, disclosure and dissemination of Discovery Material produced in the Action which is designated "Confidential" or "Confidential Information" as defined herein. Such Confidential Information shall be used by the Party or Parties receiving this Confidential Information (the "Receiving Party" or "Receiving Parties") and its/their counsel and by any person receiving material subject to the terms of this Protective Order solely for the purpose of preparing for and conducting proceedings in the Action and for no other purpose.

2. The provisions of this Protective Order shall not restrict the use of Confidential Information in connection with any deposition, discovery, motion, proceeding, hearing, trial or appeals in this Action except as provided herein.

3. Any Discovery Materials designated as "Confidential" but produced prior to the entry of this Protective Order shall be subject to the conditions of this Protective Order.

**C. DESIGNATING CONFIDENTIAL INFORMATION**

1. The Parties and Non-Parties that designate information or items for protection under this Protective Order will limit any such designations to the material that qualifies under the appropriate standards.

2. To designate any Documents or information produced in this Action that reasonably contain "Confidential Information," the Documents or information's Legend must state "Confidential Information" or "Confidential" or alternatively, separate written notice must

be provided to counsel of the Parties that clearly identifies the Documents or information to be designated as "Confidential." Any Documents or information so designated shall be treated in accordance with the provisions of this Protective Order. As used herein, the Party producing Confidential Information is referred to as the "Producing Party." The failure of a Party to immediately designate information or Documents as "Confidential" shall not preclude a Party from making such a designation in the future.

3. With respect to deposition testimony and deposition exhibits, the Parties (and deponents) may, within (15) fifteen business days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as Confidential Information. The Parties will exercise their best efforts to designate specific page and line references subject to such protection and will not designate entire depositions as Confidential Information without prior court approval. Confidential Information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the one of the Legend terms specified above. Until expiration of the twentieth (20th) business day after receipt of the transcript, the entire deposition will be treated as subject to protection against disclosure under this Protective Order. If no Party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits will be treated as Confidential Information. If a timely designation is made, the confidential portions and exhibits shall be maintained and filed under seal separate from the portions and exhibits not so marked.

**D. DISCLOSURE OF CONFIDENTIAL INFORMATION**

1. **Non-Disclosure.** Except with the prior written consent of the Producing Party, or as otherwise provided under this Protective Order, no Confidential Information may be disclosed to any individual or entity, in any form whatsoever, except to those persons, and for those purposes, delineated in paragraph 2 of this section of this Protective Order. Under no

circumstances may Confidential Information be used for any purpose other than for those purposes necessary to this litigation only (which includes mediation, facilitation, and appeals).

2. **Permissible Disclosures.** In addition to the Parties and their respective officers, employees and legal counsel who are actively engaged in the conduct of this Action, including any paralegal, clerical and other assistant employed by such counsel to the extent reasonably necessary to render professional services in this Action, access to and disclosure of Confidential Information shall be limited to:

(a) any person, including Non-Parties, identified as having authored or previously having received or created the Confidential Discovery Material;

(b) the Court, law clerks of the Court, and such other personnel as the Court may authorize;

(c) court reporters and employees of court reporters engaged by counsel of record to transcribe or videotape testimony in connection with this Action, subject to such person's compliance with the provisions of paragraph D.3;

(d) consultants, experts and potential expert witnesses retained by the Parties to the Action and/or their counsel for the purpose of assisting in the Action and the employees of said consultants, experts, and potential expert witnesses who are directly involved in assisting in this Action, subject to such person's compliance with the provisions of paragraph D.3;

(e) witnesses and potential witnesses, subject to such person's compliance with the provisions of paragraph D.3;

(f) third-party vendors retained for purposes of assisting in matters directly related to this Action, subject to such person's compliance with the provisions of paragraph D.3;

(g) mediator(s)/special master(s) retained by the Parties or appointed by the Court and employees of such mediator/special master who are assisting in the conduct of the duties of the mediator/special master, subject to such person's compliance with the provisions of paragraph D.3;

(h) administrators retained to assist in the administration of a settlement in this Action, subject to such person's compliance with the provisions of paragraph D.3;

(i) any other person agreed to in writing by the Producing Party, subject to such person's compliance with paragraph D.3, and

(j) any governmental agency upon service of a subpoena. This section is not intended to preclude a party from turning over to a governmental agency its own documents that it has produced in discovery to the opposing party, even though such documents have been designated confidential.

3. **Acknowledgment.** Before those applicable persons described in paragraphs D.2(c), 2(d), 2(e), 2(f), 2(g), 2(h), or 2(i) above may be permitted access to any materials or information designated as "Confidential" in accordance herewith, he or she shall have first read this Protective Order and shall have executed the Acknowledgement attached as Exhibit "A." Counsel for the Party disclosing Confidential Information to any such person shall be responsible for maintaining a list of all such persons and maintaining the original Acknowledgements signed by them.

4. **Disclosure to the Court.** Confidential Information shall only be filed with the Court where: (a) reasonably necessary in connection with any motion, hearing, conference, proceeding, trial or appeal in this Action, and (b) only in circumstances where the potentially-filing Party has first sought a reasonable stipulation which would avoid the need to file such Confidential Information and such stipulation has been declined. If counsel for any Party to the Action determines to file with, or submit to, the Court (other than at trial) (a) any Confidential Information, or (b) any pleading or other Document making any reference to the specific content of Confidential Information, such Party shall give notice to the non-filing Party of its intention to do so (such notice of intention to file Confidential Information shall be by a writing or electronic mail). The Parties shall jointly move to file such material under seal in accordance with current Court procedures and requirements for seeking such filings, or either Party shall advise the other of its intention to file or submit Confidential Information (including a description of such Confidential Information) and of its objection to filing it under seal at least seven (7) business

days prior to the time of filing. In the event either Party objects to such a filing being under seal, the Party seeking to require such filing under seal may seek, upon notice to the other Party, an order of Court to require such filing be under seal. However, if the Party filing the Confidential Information or Confidential Documents was the only Party who designated the information and/or Documents as Confidential, the filing Party may elect at its sole discretion to not file a motion seeking permission to file under seal, but may instead file its own Confidential Information or Confidential Documents in accordance with regular Court practices. Except by mutual agreement or in the case of an emergency motion, any motion seeking permission from the Court to file under seal must be filed at least two (2) business days before the due date of the filing. No filing shall be made until the Court disposes of any such motion to file under seal.

5. **Filing Procedure.** If the Court permits the Confidential Discovery Materials to be filed under seal, the filing may be made electronically or by hand in accordance with the Court's rules and practices. In the event the Confidential Information is not electronically filed under seal, the sealed envelope in which such Confidential Discovery Materials are filed shall be prominently marked "CONFIDENTIAL INFORMATION." The envelope shall also be prominently marked with the case caption and shall state:

> ***"This envelope, which is being filed under seal, pursuant to the Court's Protective Order of [date], contains documents which include confidential material and is to remain under seal and its contents disclosed only to the Court and those persons authorized to view its contents under the terms of the Protective Order."***

The envelope in addition to enclosing a hard copy of the Confidential Discovery Materials shall have a disk or CD-ROM containing the Confidential Discovery Materials in PDF format. One copy of any Confidential Discovery Materials filed with the Court shall be furnished to the other Party. In addition, each Party may redact certain Confidential Information, if not relevant to the

purpose of the filing, from Documents submitted to the Court under seal by covering that information, marking that portion of the materials as "Redacted" and providing opposing counsel with a general written description of the information redacted.

**E. CUSTODY AND SAFEKEEPING OF CONFIDENTIAL INFORMATION**

1. Counsel for a Party to which Confidential Information has been produced shall be responsible for taking appropriate precautions to preserve the confidentiality of the Confidential Information.

2. The duplication of Confidential Information shall be limited to what is reasonably necessary for the conduct of this litigation.

3. In the event that any Party receiving Confidential Information is served with a subpoena, notice or request to produce such information by any person, entity or government agency, the Party receiving such subpoena, notice or request, shall notify the Producing Party in writing within forty-eight (48) hours of receipt thereof (and in no event later than by the subpoena's return) to enable the Producing Party to take whatever steps it deems appropriate to protect the Confidential Information, unless such disclosure to other Parties is prohibited by law.

**F. RIGHT TO CLAIM CONFIDENTIALITY PRESERVED**

1. To the extent that the Parties, their counsel, representatives working on this litigation, or retained consultants or experts must openly attest to or introduce Confidential Information into evidence, such use shall not constitute a waiver of the right to claim that such information is confidential, and the Confidential Information shall be held in confidence by any persons who have access to this information by virtue of their involvement in this litigation, including, but not limited to, those persons listed above in paragraph D.2.

2. The inadvertent or unintentional disclosure of Documents not designated as Confidential Information at the time of disclosure, shall not be deemed a waiver in whole or in

part of any claim of confidentiality, either as to the specific Documents disclosed or as to any other Documents relating thereto or on the same or related subject matter.

3. No Party is required, however, to treat any such Documents as Confidential Information unless and until designated as Confidential Information pursuant to the terms of this Confidentiality Stipulation.

4. Should any Confidential Information be disclosed, through inadvertence or otherwise, to any person or entity not authorized to receive it under this Confidentiality Stipulation, then the disclosing person shall promptly (a) identify to the other Party the recipient and the circumstances of the unauthorized disclosure and (b) notify the recipient of this Protective Order.

5. No Confidential Information shall lose its status as Confidential Information if disclosed to a person not authorized to receive it under this Protective Order.

**G. CONTESTING CONFIDENTIAL DESIGNATIONS**

1. Any Party may request removal of the confidentiality designation of any designated materials by serving written notice of such request on counsel for the Producing Party specifying with reasonable particularity the materials to which the request is made.

2. Within 20 days after the service of such request, the Producing Party shall respond in writing either:

(a) withdrawing the designation objected to; or

(b) specifying how and why that the designated material falls within the meaning of "Confidential Material" as defined herein

3. If the Producing Party does not withdraw the designation, the objecting Party may, after service of the written response, file a motion for a determination by the Court as to the

validity of the objection. The Producing Party shall have the burden of establishing the need for "Confidential" status.

4. In the event such a motion is filed, confidentiality of the materials at issue shall be preserved pending resolution of the issue by the Court and for a period of 30 days thereafter to allow the Producing Party opportunity to seek review of such order.

5. If such review is sought within that period, the designated material in question shall continue to be subject to the restrictions of this Protective Order until the final conclusion of all appellate review.

**H. INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**

1. When a disclosure of documents and materials containing privileged information is made in this Action, the disclosure does not operate as a waiver in this Action or any other federal or state proceeding if: (1) the disclosure was inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Fed. R. Civ. P. 26(b)(5)(B).

2. Inadvertent production of privileged information must be handled as follows:

(a) In the event (i) that received documents or information appears to the receiving party on its face to constitute privileged information or (ii) immediately upon receiving notice from the producing party that privileged information has been inadvertently produced, the receiving party must (except to the extent necessary to challenge the privilege claim) not review, copy, or otherwise disseminate the privileged information, nor may it disclose their substance. In addition, the receiving party must return the privileged information and/or certify they destroyed such information within ten (10) days from receipt of notice.

(b) If the receiving party believes it has a good-faith basis for challenging the privilege or other claim, counsel for the receiving party must provide counsel for the producing party with a written explanation of the good-faith basis for its belief that the inadvertently produced documents or

materials are not privileged information within fourteen (14) days after the first event that occurs under the above section (a)(i) or (ii).

(c) Counsel for the producing party must respond in writing to receiving party's counsel's timely challenge to the privilege claim within seven (7) days from receipt of the challenge.

(d) In the event the Parties cannot agree as to the privilege status of the inadvertently produced documents or materials, the receiving party has fourteen (14) days from receipt of the producing party's written response to the privilege challenge to file a motion seeking an order compelling production of the inadvertently produced documents or materials. In the event such a motion is filed, the producing party has the burden of proving that the produced documents or materials are privileged information.

(e) Within five (5) days of the receiving party's timely filing of a motion seeking an order compelling production of the inadvertently produced documents or materials, the producing party must file under seal with the Court a copy of the inadvertently produced documents or materials for in camera inspection by the Court. A copy of the cover letter forwarding the inadvertently produced documents or information for in camera inspection by the Court must be provided to counsel for the moving party.

3. The receiving party will have no liability under this section for any use or disclosure of any privileged information if, and only if, (i) the received documents or materials do not appear on their face to constitute privileged information or (ii) immediately upon receiving notice from the producing party that privileged information has been inadvertently produced, the receiving party complies with the procedures set forth in this Protective Order.

**I. TERMINATION**

1. Within sixty (60) days of the termination date of the Action, all Confidential Information supplied by the Parties, and all copies thereof, including any supplied to the Parties' consultants or expert witnesses, shall (1) be returned to counsel for the Producing Party, or (2) destroyed. The "termination date" of this Action shall mean the date upon which this Action is settled and discontinued or a final order or judgment is finally affirmed on appeal or review, or, by lapse of time or otherwise, is not subject to appeal or review.

2. Notwithstanding anything contained herein to the contrary, counsel for the Parties may retain copies of all transcripts and work product, including pleadings, briefs and memoranda that are claimed to contain Confidential Information. Such materials shall remain subject to this Protective Order, which shall survive the termination date.

**J. MISCELLANEOUS**

1. Counsel shall not publish or grant access to Discovery Materials, including deposition transcripts and responses to discovery requests, for educational, marketing, promotional, or any other purposes.

2. The restrictions against disclosure set forth in this Confidentiality Stipulation shall not apply to information which:

(a) is at any time independently developed without use of or without reliance upon any of another Party's Confidential Information;

(b) is publicly available in substantially the same form in which it was provided by the Producing Party; or

(c) is required by law to be made available to third parties as discussed in paragraph E.3 above; or

(d) was, is or becomes public knowledge in a manner not in violation of this Protective Order.

Gary L Lancaster

Chief United States District Judge